E-FILED
Tuesday, 03 November, 2026 03:10:12 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

NICOLE B.,

*Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

*Defendant*.

Case No. 1:26-cv-01409-JEH-RLH

## ORDER & OPINION

This case is now before the Court on Plaintiff's Motion to Request Counsel. (Doc. 10). For the reasons stated herein, Plaintiff's motion is DENIED.

Plaintiff filed her Complaint (Doc. 1) against the Commissioner of Social Security on September 21, 2026, challenging an administrative law judge's ruling that she was not disabled. Plaintiff subsequently filed three motions to request counsel (Docs. 3, 5, 8), each of which was denied. (Docs. 4, 7, 9). Plaintiff has now filed her fourth motion to request counsel.

Parties in civil cases do not have a right, either constitutional or statutory, to counsel. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), the Court may request an attorney for a plaintiff unable to afford one, applying the two-step inquiry from *Pruitt v. Mote*, 503 F.3d 647, 653-55 (7th Cir. 2007) (en banc). First, the plaintiff must show that she made a reasonable attempt to obtain counsel. *Id.* If the first step is met, then the Court considers whether, given the difficulty of the case, the plaintiff appears competent to litigate it herself. *Id.* At

the second step, a plaintiff's "literacy, communication skills, educational level, [ ] litigation experience," and intellectual capacity, to the extent known, are relevant factors, though there are no "fixed requirements." *Id*. "[I]n the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010).

Plaintiff's first three motions to request counsel all failed at the first step: Plaintiff failed to provide both lists of attorneys or organizations she had contacted seeking representation and documentation corroborating her communication with those attorneys or organizations. When denying Plaintiff's third motion, the Court reminded her that any renewed motion must identify the attorneys or organizations contacted to seek representation and provide documentation reflecting her efforts and any responses received. (Doc. 9).

Plaintiff's instant motion complies with the Court's directive in part. She lists five attorneys and organizations she contacted seeking representation. (Doc. 10 at 1). However, Plaintiff has again failed to provide any corroborating documentation. The only document attached to the motion is a typed list of the attorneys Plaintiff states she contacted. (Doc. 10 at 3-4). She has provided no evidence of actual communication with any attorney or organization. Accordingly, the Court finds Plaintiff has not demonstrated a reasonable attempt to obtain counsel without court intervention. *See Thomas v. Wardell*, 951 F.3d 854, 858-60 (7th Cir. 2020) (affirming finding of unreasonable efforts where plaintiff contacted fourteen attorneys seeking

representation but his letters lacked claim information); *Stokes v. Wexford Health Services*, 2025 WL 1432975, at *1 (S.D. Ill. May 19, 2025) (denying a motion to recruit counsel where plaintiff did not provide any rejection letters from attorneys).

Even if Plaintiff had made a reasonable attempt, the Court is not convinced that Plaintiff does not have the capability to litigate this case. Plaintiff's complaint and motions thus far have consisted of forms she has filled out and signed. Notably, Plaintiff is a college graduate and is employed part-time. *See Collins v. Astrue*, 2010 WL 1930624, at *2 (N.D. Ind. May 11, 2010) (denying a motion to appoint counsel where the plaintiff had a high school education, lived independently, and worked part-time). Furthermore, social security appeals are not complex litigation. *See Mcgary v. Astrue*, 2010 WL 5287426, at *1-2 (S.D. Ill. Dec. 2, 2010) ("[A]n appeal of denial of disability benefits under the Social Security Act … is not unduly complex. … [S]kill in the presentation of evidence and in cross-examination is not required. Moreover, because these matters are decided on the existing record and written briefs, a trial will not be held.").

Accordingly, Plaintiff's Motion to Request Counsel (Doc. 10) is DENIED. Plaintiff may renew her motion to request counsel only after the Commissioner files the Social Security Transcript. Should Plaintiff choose to renew her motion, she must provide proper documentation corroborating her efforts to secure counsel and any responses received. Plaintiff should also specifically describe relevant limitations on her capability to litigate her case and why her case is so complex that a trained

attorney is necessary. Failure to comply with this order may result in a future motion to request counsel being denied with prejudice.

*So ordered.*

Entered this 3rd day of November 2026.

s/Ronald L. Hanna

Ronald L. Hanna
United States Magistrate Judge